COMMONWEALTH *vs.* NANCY J. PARKER.

A complaint which charges that the defendant, on a day specified and on divers other days and times between that day and the day of making the complaint, was a lewd, wanton and lascivious person in speech and behavior, does not set forth two offences, but is good, under Gen. Sts. c. 165, § 28.

In a complaint under Gen. Sts. c. 165, § 28, for being a lewd, wanton and lascivious person in speech and behavior, it is not necessary to allege that the offence was committed to the common nuisance of the people of the Commonwealth.

MERRICK, J. The complaint alleges that the defendant, at Lowell, on the first day of January in the year of our Lord one thousand eight hundred and sixty-one, and on divers other days and times, at said Lowell, between that day and the day of making the complaint, was and still is a lewd, wanton and lascivious person in speech and behavior. The accusation against her is founded upon the provisions of the Gen. Sts. c. 165, § 28

It is there provided, among many prohibitions against various kinds of misconduct, that lewd, wanton and lascivious persons in speech or behavior may, upon conviction, be committed to the house of correction, or to some one of the places of confinement or restraint therein mentioned, for a period not exceeding six months. The offence or misconduct which is thus mad punishable consists in being a person of the character and behavior described. He is none the less so that this bad character is the result of his conduct in both of these particulars. There is therefore in the complaint neither uncertainty nor duplicity; for in a prosecution against an offender the offence may be set forth according to the fact. And as it is alleged that the defendant was a person of the character described, both by reason of the improper and unlawful manner in which she conducted herself and of the words and speeches which she uttered, she is charged with only a single offence. This offence, if it may consist in a single act or speech, may also consist in a series of acts or speeches, or of misconduct in this way continued through a considerable period of time. When the offence consists in a continued or protracted violation of the law, it is sufficient and proper to allege and charge it in the words and language of the statute. It is difficult, and perhaps impossible, to describe the matter charged against the defendant in more definite or intelligible terms than it is in the complaint. *Commonwealth* v. *Pray*, 13 Pick. 359. *Stratton* v. *Commonwealth*, 10 Met. 217.

It is not necessary in such case to conclude the complaint with the allegation that the offence was committed to the common nuisance of the people of the Commonwealth. In prosecuting offences which are in strictness nuisances, this form in pleading is considered essential; but in relation to the several offences enumerated in the statute referred to, the charge will, in general, be sufficiently set forth if the complaint and accusation are in the words by which the offence is created and described. *Commonwealth* v. *Boon*, 2 Gray, 74.

*Exceptions overruled.*

*A. R. Brown*, for the defendant.

*Foster*, A. G., for the Commonwealth.